**VIRGIN ISLANDS PUBLIC SERVICES COMMISSION,**
**Appellant/Plaintiff**
**v.**
**VIRGIN ISLANDS WATER AND POWER AUTHORITY,**
**Appellee/Defendant**

S. Ct. Civ. No. 2011-0010
Supreme Court of the Virgin Islands
March 26, 2012

PAUL J. PAQUIN, ESQ., Department of Justice, St. Thomas, USVI, *Attorney for Appellant.*

MARK A. KRAGEL, ESQ., Virgin Islands Water and Power Authority, St. Thomas, USVI, *Attorney for Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(March 26, 2012)

HODGE, *Chief Justice*. The Virgin Islands Public Services Commission (PSC) appeals the Superior Court's December 7, 2010 Order vacating a PSC order settling a billing dispute between the Virgin Islands Water and Power Authority (WAPA) and one of its customers for lack of subject matter jurisdiction. In accordance with our decision in *Virgin Islands Public Service Commission v. Virgin Islands Water and Power Authority* (*PSC v. WAPA I*), 49 V.I. 478 (V.I. 2008), *cert. denied*, No. 08-3398, slip op. at 1 (3d Cir. April 6, 2009), we conclude that PSC lacks the authority to settle billing disputes between WAPA and its customers, and we affirm the order of the Superior Court.

## I. STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE

This case arises from a complaint filed by Granada del Mar — a WAPA customer — with PSC, complaining that a faulty meter resulted in erroneous water charges. On December 30, 1993, after conducting two hearings, PSC found for Granada and ordered WAPA to correct the customer's account. PSC subsequently denied WAPA's motion for reconsideration on February 18, 1994, and WAPA appealed PSC's decision to the Superior Court on April 5, 1994. The Superior Court, in a December 7, 2010 Order, concluded that PSC lacked jurisdiction to hear Granada's complaint regarding erroneous billing statements and faulty water meters. In reaching this conclusion, the Superior Court held that under *PSC v. WAPA I*, "PSC's power over WAPA is limited solely to the power to fix WAPA's rates." *See PSC v. WAPA I*, 49 V.I. at 489. The Superior Court thus vacated PSC's December 30, 1993 Order for lack of subject matter jurisdiction. PSC filed its notice of appeal on February 7, 2011.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

Pursuant to title 4, section 32(a) of the Virgin Islands Code, this Court possesses "jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." Since the Superior Court's December 7, 2010 Order constitutes a final order, we possess jurisdiction over PSC's appeal.

Our standard of review in examining the Superior Court's application of law is plenary, while findings of fact are reviewed only for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). Likewise, this Court's review of the trial court's construction of a statute is plenary. *PSC v. WAPA I*, 49 V.I. at 483.

### B. PSC does not have Authority to Settle Billing Disputes between WAPA and its Customers

As PSC's sole issue on appeal, it argues that the trial court erred in concluding that it does not have the authority to settle billing disputes between WAPA and its customers. PSC contends that WAPA falls within the definition of a public utility under chapter 1 of title 30, thus subjecting WAPA to PSC's general regulatory authority, which includes settling billing disputes between public utilities and their customers. This argument is in direct conflict with our holding in *PSC v. WAPA I*, and although PSC does not specifically state as much in its brief, it is essentially arguing that *PSC v. WAPA I* was wrongly decided. PSC has failed, however, to delineate any legitimate reason why this Court should not follow its previous decision. Instead, PSC essentially puts forth the same argument it previously made in *PSC v. WAPA I*. Since PSC has failed to present this Court with any legitimate reason why we should overrule our previous decision, we reject PSC's argument and conclude that PSC does not have the authority to settle billing disputes between WAPA and its customers.

In *PSC v. WAPA I*, this Court outlined the historical relationship between PSC and WAPA:

In 1964, the Virgin Islands Legislature created WAPA as "a public corporation and autonomous governmental instrumentality" with its own Governing Board for the purpose of developing and providing water

511

and electric power services for the people of the Virgin Islands. V.I. CODE ANN. tit. 30 §§ 103, 105.

Initially, WAPA was granted the unregulated authority to set its own rates, while PSC served only in an advisory role with respect to WAPA's rate-setting. *See* 30 V.I.C. § 105(12). After WAPA announced in 1972 that it planned to increase its rates, a lawsuit ensued seeking to prevent the rate increase. *See V.I. Hotel Assn., Inc. v. V.I. Water & Power Auth.*, 8 V.I. 620, 54 F.R.D. 377 (D.V.I. 1972). Shortly thereafter, in 1973, the Legislature amended title 30 of the Virgin Islands Code for the purpose of expanding PSC's power to regulate certain activities of public utilities. *See, e.g.*, 30 V.I.C. §§ 1, 39; *see also* 1973 V.I. Sess. Laws 164 (Act No. 3460). WAPA's proposed rate changes thereby became subject to PSC's approval. *See* 30 V.I.C. § 1(c) ("The rates for public utility service supplied by the Government shall be fixed, unless fixed by law, in the same manner as rates for public utility services furnished by a private entity.").

. . . .

Despite subjecting WAPA's rates to PSC's jurisdiction, the Legislature did not alter section 121 of WAPA's enabling statute which continues to state that no other government entity has jurisdiction over WAPA, including with respect to rate-setting. *See* 30 V.I.C. § 121. The Legislature did, however, amend title 30, section 122 in 1980 to provide that "[n]othing . . . shall be construed as exempting the Virgin Islands Water and Power Authority from any law made specifically applicable thereto or generally applicable to independent instrumentalities of the Government. . . ." Following the 1980 amendment, the Legislature amended section 105 several times thereby expanding WAPA's enumerated powers. *See, e.g.*, 30 V.I.C. §§ 105(7), (10), (19), and (20).

*PSC v. WAPA I*, 49 V.I. at 480-82. We then recognized that despite section 121's express language prohibiting any governmental entity from having jurisdiction over WAPA, the Legislature enacted section 1(c) with the explicit purpose of subjecting WAPA to PSC's jurisdiction for the purpose of

rate-setting.[1] *Id.* at 485. In reconciling this two conflicting statutes, we noted that section 1(c) was the more specific, later-enacted statute. *Id.* at 485-86. Additionally, we determined that "since the amendment to section 1(c) specifically removed the provision giving PSC a mere 'advisory' role with respect to rate-setting for government-provided utilities, like those provided by WAPA, it is apparent that the Legislature intended greater oversight by PSC with respect to WAPA's rate-setting actions."[2] *Id.* at 486. We thus concluded that section 1(c) "is intended as an exception to section 121." *Id.*

█ After determining that PSC has the authority to regulate WAPA's rates, we looked to whether the scope of PSC's power over WAPA extends any further than rate-setting. *Id.* In addressing this issue, we turned to the meaning and effect of title 30, section 122 on WAPA's powers. Section 122 states, in full:

> Nothing in this chapter shall be construed as exempting the Virgin Islands Water and Power Authority from any law *made specifically applicable thereto or generally applicable to independent instrumentalities* of the Government of the United States Virgin Islands, whether such law was enacted before, on, or after February 14, 1980.

30 V.I.C. § 122 (emphasis added). Relying on this language, we concluded:

---

[1] Title 30, section 121 states:

> No officer, board, commission, department or other agency or political subdivision of the United States Virgin Islands shall have jurisdiction over the Authority in the management and control of its properties and facilities, or any power over the regulation of rates, fees, rentals and other charges to be fixed, revised and collected by the Authority, or any power to require a certificate of convenience or necessity, license, consent, or other authorization in order that the Authority may acquire, lease, own and operate, construct, maintain, improve, extend or enlarge any facility.

In contrast, title 30, section 1(c) states:

> The rates for public utility service supplied by the Government shall be fixed, unless fixed by law, in the same manner as rates for public utility services furnished by a private entity.

[2] Prior to the 1973 amendment, title 30, section 1(c) read:

> The rates for public utility services supplied by the Government shall be fixed, unless fixed by law, by the head of the department having jurisdiction of its operation and administration, subject to approval of the Governor, *or in case of water or electric power service, by the Virgin Islands Water and Power Authority. The Public Utilities Commission shall serve in an advisory capacity.*

1965 V.I. Sess. Laws 182 (Act. No. 1435, § 1) (emphasis added).

> PSC's chapter 1 powers apply *only to public utilities generally* and not to WAPA specifically. Moreover, it is clear that PSC's chapter 1 powers do not apply generally *to independent instrumentalities of the government* because they do not apply, for example, to the Virgin Islands Port Authority ("VIPA"), the Virgin Islands Housing Finance Authority, or the Public Finance Authority — all of which are independent instrumentalities for purposes of section 122. Therefore, section 122 is not a pathway to subject WAPA to PSC's chapter 1 powers because section 122 removed WAPA's exemption from jurisdiction *only* with respect to laws specific to WAPA or generally applicable to independent instrumentalities. If the Legislature had intended to subject WAPA to general oversight by PSC, it would have repealed or amended section 121's express grant of freedom from the jurisdiction of all government agencies and commissions.

*PSC v. WAPA I*, 49 V.I. at 488-89. Thus, *PSC v. WAPA I* directly addresses the issue currently before this Court.

▇▇▇ PSC derives its authority to settle billing disputes between public utilities and their customers from chapter 1 of title 30. *See, e.g.*, 30 V.I.C. § 20(a). This Court has already held, however, that in the absence of a statute specific to WAPA or generally applicable to independent instrumentalities, "section 122 is not a pathway to subject WAPA to PSC's chapter 1 powers." *PSC v. WAPA I*, 49 V.I. at 488-89. Moreover, with the exception of section 1(c), "PSC's chapter 1 powers apply *only to public utilities generally* and not to WAPA specifically."[3] *Id.* Nor do PSC's chapter 1 powers apply generally *to independent instrumentalities of the government. Id.* In contrast, section 121 prohibits any governmental agency from exercising "any power over the regulation of . . . charges to be fixed, revised and *collected* by [WAPA]." Since there is neither a

---

[3] PSC contends that this conclusion is erroneous because it was based primarily upon the heading of chapter 1 — "Public Utilities Generally" — and according to 1 V.I.C. § 45, the descriptive headings preceding the texts of the individual sections of the Code do not "constitute part of the law." This argument assumes that the Court in *PSC v. WAPA I* relied on the heading of chapter 1 in concluding that PSC's chapter 1 powers apply to public utilities generally. Furthermore, it ignores the express language in title 30, section 1 that states that all public utilities are "subject to this chapter." Accordingly, irrespective of chapter 1's heading, PSC's chapter 1 powers apply to public utilities generally, and absent an amendment to the statute, not WAPA specifically.

statute specific to WAPA or generally applicable to independent instrumentalities that would allow PSC to settle billing disputes between WAPA and its customers, we conclude that under section 121, PSC lacks the power to settle such billing disputes.

### III. CONCLUSION

There is neither a statute specific to WAPA nor one generally applicable to independent instrumentalities that would allow PSC to settle billing disputes between WAPA and its customers. Accordingly, under section 121, PSC does not have the authority to settle billing disputes between WAPA and its customers. We therefore affirm the Superior Court's December 7, 2010 Order.